1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES NEUMANN,

11              Plaintiff,                    No. CIV S-06-2874 MCE EFB P

12        vs.

13   MARTIN VEAL, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  This matter is before the court on remand from the U.S. Court of Appeals

18   for the Ninth Circuit.

19        On December 21, 2006, plaintiff filed a motion for leave to proceed *in forma pauperis*

20   and a complaint.  He alleges that defendants Cry, Higgins, Silbaugh, Smith, Tyler and Veal have

21   policies and practices that discriminate against him in access to education and work programs

22   based on his mental health condition.  He claims that they treat him differently from other

23   mentally ill prisoners, and that they expelled him from a mental health program because he

24   refused to volunteer for a different but similar program.  On January 18, 2007, the court granted

25   plaintiff leave to proceed *in forma pauperis* and conducted the review required by 28 U.S.C.

26   § 1915A.  The court found that it was unclear on what grounds plaintiff was attempting to sue,

1   and outlined the elements for causes of action for retaliation, violations of the Eighth

2   Amendment and the Equal Protection Clause of the Fourteenth Amendment, and the Americans

3   with Disabilities Act (ADA).  The court gave plaintiff the opportunity to file an amended

4   complaint and warned him that failure to do so would result in a recommendation that the action

5   be dismissed for failure to state a claim.  Plaintiff did not file an amended complaint.  Thus, the

6   court recommended that his action be dismissed for failure to state a claim.  On June 26, 2007,

7   the district judge adopted the findings and recommendations over plaintiff's objections, and

8   dismissed this action.  The Clerk of the Court entered judgment and plaintiff appealed.

9        On October 10, 2007, the Ninth Circuit reversed this court's ruling that plaintiff's

10   complaint failed to state a claim, citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

11   *Neumann v. Veal*, Ninth Cir. Case No. 07-16322, Order of February 20, 2008.  Petitioner sought

12   rehearing and requested appointment of counsel on October 30, 2007.  The Ninth Circuit denied

13   rehearing and transferred the request for counsel to this court, directing this court to determine

14   whether plaintiff's action "is covered in whole or in part by the class action *Coleman v.*

15   *Schwarzenegger*, D. C. No. CV-90-0520 LKK (E.D. Cal.), and whether counsel in that case is

16   available to represent Neumann."

17   **A.    Plaintiff's Claims**

18        The Ninth Circuit's citation to *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per

19   curiam)[1] suggests that, for the limited purposes of § 1915A screening, the December 21, 2006,

20   complaint states cognizable claims for relief against all defendants pursuant to Title II of the

21   ADA, 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  Accordingly, plaintiff's claim necessarily

22

23        [1] The Supreme Court in *Boag* reviewed the summary dismissal of an inmate's "crudely
24   written complaint" seeking damages for his placement in solitary confinement without due
     process and retaliation for inquiring as to the nature of the charges.  *Boag*, 454 U.S. at 364.  The
     district court dismissed the action as moot because the plaintiff had been transferred.  The
25   appellate court affirmed finding the claim frivolous.  *Id.*  Reversing, the Supreme Court found
     that finding "erroneous as a matter of law. . . ."  It concluded that the complaint, liberally
26   construed, stated a claim that he had been denied due process.  *Id.*

1   survives the initial screening under 28 U.S.C. § 1915A.

2   **B.**   **Class Membership**

3         The Ninth Circuit directed this court to determine whether this action falls within the

4   class certified in *Coleman*. In *Coleman*, the district judge ordered that,

5         The class shall consist of all inmates with serious mental disorders who are now
        or who will in the future be confined within the California Department of

6         Corrections (except the San Quentin State Prison, the Northern Reception Center
        at Vacaville and the California Medical Facility - Main at Vacaville)

7

8   Plaintiff's claims in this case are against the Warden, appeals coordinator and psychiatric staff at

9   the California Medical Facility in Vacaville ("CMF"). Here, since at least the time plaintiff filed

10   his initial complaint through the present, plaintiff has been confined at CMF. It therefore appears

11   that the class definition expressly excludes this case. However, the parties will have the

12   opportunity to submit written statements addressing whether this case falls within the class

13   certified in *Coleman*. The Court will direct the Clerk to serve a copy of this order on Monica

14   Anderson, Supervising Deputy Attorney General, and request that the Attorney General file an

15   informal brief addressing the issue. Upon submission of those statements, the court will address

16   whether to inquire of counsel in *Coleman* to determine if they are available to assist the plaintiff

17   in this action.

18         Accordingly, it is hereby ORDERED that:

19         1. Service is appropriate for defendants Cry, Higgins, Silbaugh, Smith, Tyler and Veal.

20         2. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an

21   instruction sheet and one copy of the December 21, 2006, pleading.

22         3. The Clerk is directed to serve a copy of this order on Monica Anderson, Supervising

23   Deputy Attorney General.

24         4. Within 20 days from the date this order is served, plaintiff shall file a written

25   statements addressing whether this case falls within the class certified in *Coleman*.

26   ////

5.  Within the same 20 days, the court requests the Attorney General, by and through Monica Anderson, Supervising Deputy Attorney General, to file an informal brief addressing same.

6.  Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and seven  copies of the endorsed December 21, 2006, pleading.

7.  Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Cry, Higgins, Silbaugh, Smith, Tyler and Veal pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey an order of this court.

Dated:  March 17, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES NEUMANN,

11            Plaintiff,                    No. CIV S-06-2874 MCE EFB P

12        vs.

13   MARTIN VEAL, et al.,

14            Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              __1__        completed summons form

19              __6__        completed forms USM-285

20              __7__        copies of the __December 21, 2006__
                                           Complaint

21

22   Dated:

23                                _____
                                          Plaintiff
24

25

26