1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES NEUMANN,

11                 Plaintiff,                    No. CIV S-06-2874 MCE EFB P

12          vs.

13   MARTIN VEAL, et al.,

14                 Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17   U.S.C. § 1983.

18          Following a remand from the U.S. Court of Appeals for the Ninth Circuit, the court

19   requested briefing on whether this case falls within the class certified in *Coleman v.*

20   *Schwarzenegger*, D.C. No. CV-90-0520 LKK (E.D. Cal.).  Counsel from the Attorney General's

21   Office requested an extension of time on April 17, 2008 and filed her informal brief on the same

22   day.  The request for extension of time is granted and the brief is deemed timely filed.

23          Pursuant to the Ninth Circuit's February 21, 2008, order denying plaintiff's motion for

24   rehearing, this court considers and addresses whether counsel representing the plaintiffs in

25   *Coleman* should be appointed to represent plaintiff in this case.  Counsel for defendants in the

26   *Coleman* case has submitted an informal brief suggesting that plaintiff's rights are adequately

1

1    protected in the *Coleman* action.

2         For the reasons explained below, the court finds that the issues in this case are not so

3    similar to those in *Coleman* that plaintiff's rights are necessarily adequately protected by the

4    litigation in *Coleman*.   The court further finds that it is premature to determine whether his rights

5    are necessarily protected by the other case pending in this district that counsel discusses, *Hecker*

6    *v. Schwarzenegger*, Case No. 05-2441 LKK JFM.   Thus, on the current record plaintiff may

7    pursue this separate action.   However, the court declines to appoint counsel.

8    **I.     Facts**

9         Plaintiff alleges in his December 21, 2006, complaint that he has a mental illness.[1]  He is

10   housed at the California Medical Center ("CMF") and he claims that defendants Cry, Higgins,

11   Silbaugh, Smith, Tyler and Veal, employees or officers at that facility, have policies and

12   practices that discriminate against him in access to education and work programs based on his

13   mental health condition, and deny him adequate care.   Plaintiff alleges that he is barred, for

14   discriminatory reasons, from employment and from ten hours of support group time per week,

15   and that he is not "able to have cell living like the other mentally ill inmates housed in the

16   CMF."  Compl., at 7.  He also alleges that he has been arbitrarily denied appropriate mental

17   health care.   He cites, by way of example, his having been expelled from the Enhanced

18   Outpatient Program ("EOP") because he would not volunteer for a similar mental health

19   program.  *Id*.  Plaintiff seeks declaratory relief, compensatory damages and punitive damages.

20   *Id*., at 12.

21   ////

22   ////

23   ////

24   ////

25

26        [1]  Plaintiff does not specify the mental illness in the complaint.   However, in a document
     filed June 2, 2008, plaintiff alleges that he suffers from Post Traumatic Stress Disorder.

Counsel for the defendants in the *Coleman* class has submitted a number of documents,[2] including a stipulation and order amending the class in the *Coleman* case.  Defs.' Brief, Ex. 1. That order defines the plaintiff class as all prisoners "with serious mental disorders who are now or who will in the future, be confined within the California Department of Corrections."  Defs.' Brief, Ex. 1, at 2.  Counsel notes that the *Coleman* plaintiffs claim that the medical care, mental health care and conditions of confinement at CMF and at San Quentin State Prison violate the Eighth Amendment and seek declaratory and injunctive relief.

Defense counsel in *Coleman* also explains that plaintiff's complaint might be subsumed by another action that currently is pending class certification.  *See* Fed. R. Civ. P. 23(a).  The putative class in that case, *Hecker v. Schwarzenegger*, Case No. Civ. S-05-2441 LKK JFM (E.D. Cal.), is the same as that in *Coleman*.  However, the plaintiffs in *Hecker* assert that they have mental illnesses, and that prison officials have implemented policies and procedures that discriminate against them with respect to a wide range of programs solely because of their diagnoses and  prescribed medications.  Defs.' Brief, Ex., at 10-15.  Their claim allegedly arise under the Americans with Disabilities Act and the Rehabilitation Act.  Defs.' Brief, Ex. 2, at 4. The *Hecker* plaintiffs seek unspecified injunctive relief and declaratory relief.  *Id.*, at 42.

**II.    Standards**

Under certain circumstances, federal courts may certify plaintiffs to pursue an action as a class.  *See* Fed. R. Civ. P. 23(a).  The purpose of allowing class actions is to conserve scarce judicial resources while protecting the rights of every class member, both present and absent from the actual litigation.  *Cummings v. Connell*, 402 F.3d 936, 944 (9th Cir. 2005).  In this regard, the Ninth Circuit has explained that "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent

---

[2] Counsel did not submit a copy of the operative complaint or any other document in *Coleman* that describes the plaintiffs' detailed allegations in that case.  However, counsel did submit the complaint in another case discussed herein, *Hecker*.  *Hecker,* however, has no bearing on this action at this point because no class has been certified.

1    with the rights of the parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).  Thus, where

2    an individual plaintiff files a compliant with claims and demands for relief that appear to be

3    similar to those in pending class actions, it is incumbent upon the court to determine whether

4    individual plaintiff's rights adequately are protected by the class action.  If a court determines

5    that the claims and demands for relief individually brought by an absent class member are

6    identical to those in a pending class action, the federal court may *sua sponte* dismiss the

7    individual's complaint.  *Crawford*, 599 F.2d at 893.  Any claims or demands for relief that are

8    distinct from that of the class, however, may not be dismissed.  *Id.*

9    **III.    Analysis**

10          There is no question that plaintiff has a mental illness.  Neither is there any question that

11   he is housed within the California Department of Corrections and Rehabilitation at the CMF, and

12   that the alleged violations of his rights occurred there.  It is also clear that, as noted above, the

13   *Coleman* class comprehends mentally ill prisoners confined at CMF and that plaintiff falls within

14   that class.

15          With respect to the claims and demands for relief, however, it is apparent that plaintiff's

16   case is sufficiently different from *Coleman* so that the orders in that action are not adequate to

17   protect the rights he asserts here.  While his claims may overlap with those of the *Coleman*

18   plaintiffs, his particular allegations appear to be unique to him.  In addition to his general claim

19   here that defendants maintain policies and practices that discriminate against him in programs

20   solely because of his mental illness, he asserts that they provide him inadequate care.  He also

21   alleges that he is barred from employment and from ten hours of support group time per week.

22   Additionally, he asserts a claim that, as he describes it, he is not "able to have cell living like the

23   other mentally ill inmates housed in the CMF."  Compl., at 7.  He also alleges that he has been

24   expelled from the Enhanced Outpatient Program ("EOP").  Furthermore, he seeks damages

25   specific to his alleged injuries.  Accordingly, the court finds that, on balance, the litigation in

26   *Coleman* does not adequately protect plaintiff's rights and he should be permitted to proceed

1   individually on this matter.

2          The court at present makes no determination with respect to *Hecker*.  That case has not

3   been certified as a class action and any determination of whether that litigation is adequate to

4   protect plaintiff's rights is premature.

5          As noted above, the Ninth Circuit remanded this matter because it found that plaintiff

6   stated a claim for relief.  This court has ordered service of process on all of the defendants in this

7   action.  However, to date, no defendant has appeared.  The court now turns to the question of

8   whether counsel should be appointed.

9          Having considered the facts and procedural posture of this case, the court finds that

10  counsel should not be appointed, at least not at this stage of the litigation.  District courts lack

11  authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*

12  *United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court

13  may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v.*

14  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

15  (9th Cir. 1990).  Exceptional circumstances are not present here that would justify requesting

16  counsel to undertake representation of plaintiff in this action.  Accordingly, plaintiff's requests

17  must be denied.

18         Accordingly, it is hereby ORDERED that:

19         1.  The April 17, 2008, request for an extension of time to file a brief is granted and the

20  brief is deemed timely filed.

21         2.  The court declines to recommend dismissal of this action on the ground that plaintiff's

22  rights are adequately protected by the litigation in *Coleman*.  This action shall proceed pursuant

23  to the applicable statutes and rules that govern suit brought by prisoners suing over the

24  conditions of their confinement.

25  ////

26  ////

5

1          3.  Plaintiff's January 31 and  February 21, 2008, requests for the appointment of counsel

2     are denied.

3     Dated:  July 9, 2008.

4                                                    _____

5                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26